```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        MACON DIVISION
```

MARY MARGARET BELL, as Executrix   *
Under the Will of MILLER
STEPHENS BELL,                     *

    Plaintiff,                  *       CASE NO. 5:08-CV-086 (CDL)

vs.                                *

GRAYSON COOPER, RENEE COOPER,      *
TALBOT ("GRAY") COOPER, and MARY
MARGARET BELL, individually,       *

    Defendants.                 *

## O R D E R

Presently pending before the Court are the Motion to Remand of Mary Margaret Bell ("Mrs. Bell") in her capacity as Executor of the Estate of Miller Stephens Bell ("Dr. Bell") (Doc. 12) and the Motion to Remand of Mary Margaret Bell individually as a beneficiary under Dr. Bell's will (Doc. 15). As discussed below, the Motions for Remand are granted, and this case is remanded to the Superior Court of Baldwin County, Georgia.

### FACTUAL AND PROCEDURAL BACKGROUND

Dr. Bell, a resident of Baldwin County, Georgia, died on July 7, 2007. Dr. Bell left a will and named his wife, Mrs. Bell, as the Executor. Mrs. Bell was qualified as Executor of Dr. Bell's estate. In the will, Dr. Bell named Mrs. Bell as a beneficiary. He also named the following individuals as beneficiaries: niece Grayson Cooper, niece Renee Cooper, and nephew Talbot "Gray" Cooper

1

(collectively, the Coopers are referred to as "the Cooper Defendants"). In the will, Dr. Bell devised to Mrs. Bell "the full balance of [his] retirement account(s) including IRA's [sic]." Dr. Bell named his nephew, Gray Cooper, as the residuary beneficiary.

Mrs. Bell, as Executor, filed a Petition for Declaratory Judgment, Construction and Direction in the Superior Court of Baldwin County, Georgia ("Declaratory Judgment Action"). Specifically, Mrs. Bell, as Executor, seeks guidance on the meaning of "the full balance of [Dr. Bell's] retirement account(s)[.]"[1] Mrs. Bell, as Executor, named the following Defendants in the Declaratory Judgment Action: the Cooper Defendants and herself, as a beneficiary under the will.

The Cooper Defendants removed the Declaratory Judgment Action to this Court under 28 U.S.C. §§ 1441, contending that diversity jurisdiction exists under 28 U.S.C. § 1332. Mrs. Bell, in her individual capacity, did not consent to removal. It is undisputed that the amount in controversy exceeds $75,000.00. It is also undisputed that Mrs. Bell is a resident of Georgia and that the Cooper Defendants are residents of Florida and Massachusetts. The Cooper Defendants ask that the Court realign the parties so that Mrs. Bell, in her individual capacity as a beneficiary under the will, is realigned as a Plaintiff with Mrs. Bell, as Executor of the Estate.

---

[1] Mrs. Bell believes that it was Dr. Bell's intent to bequeath her two investment accounts, which she contends were used to support himself and his family in retirement. Gray Cooper contends that these accounts are not "retirement accounts" and are thus part of the residuary estate. Mrs. Bell, as Executor, does not wish to take action regarding the accounts without approval and direction of a court.

2

Mrs. Bell, as Executor, and Mrs. Bell, individually, timely filed Motions to Remand.

## DISCUSSION

As the parties seeking removal, the Cooper Defendants bear the burden of establishing federal jurisdiction. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (2001). Moreover, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Here, the Cooper Defendants argue the parties are not properly aligned–that is, that Mrs. Bell in her capacity as a beneficiary belongs on the same side of the "versus" as Mrs. Bell in her capacity as Executor of Dr. Bell's estate. If the Court were to realign the parties in this manner, then complete diversity of citizenship would exist, and it would be irrelevant that Mrs. Bell in her individual capacity did not consent to the removal. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) ("[I]n cases involving multiple defendants, all defendants must consent to removal."). On the other hand, if the Court does not realign the parties, no diversity of citizenship would exist, and the Court would lack subject matter jurisdiction over this case.

In determining the status of the parties for diversity purposes, the Court "must look beyond the pleadings to the matters actually in controversy." *Eikel v. States Marine Lines, Inc.* 473 F.2d 959, 963 (5th Cir. 1973) (determining whether party joined under Federal Rule

3

of Civil Procedure 19 should be aligned as plaintiff or defendant in suit by law firm against a client for attorneys' fees).[2] In this action, the key controversy is whether two investment accounts are "retirement accounts" that should be distributed to Mrs. Bell in her individual capacity or are part of the residuary estate and should be distributed to Gray Cooper. The Cooper Defendants contend that Mrs. Bell as Executor has the same interest as Mrs. Bell as a beneficiary: to distribute the investment accounts to Mrs. Bell. However, that contention ignores Mrs. Bell's fiduciary duty to the Estate. While Gray Cooper and Mrs. Bell as beneficiary are on opposite sides of the "retirement accounts" question, Mrs. Bell as Executor stands apart from both of them. Mrs. Bell seeks to act in accordance with her fiduciary duty to the Estate and, to that end, seeks a court's assistance so that she may follow Dr. Bell's wishes and distribute the property as he intended.[3] Accordingly, the Court finds that Mrs. Bell as Executor has interests and duties that are different from the interests and duties of Mrs. Bell as beneficiary, and the Court therefore declines to realign the parties.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] The Court notes that if Mrs. Bell were a non-beneficiary executor who found a reasonable ambiguity in the will, she would be able to seek guidance from the Georgia courts, and her interests would not be aligned with the beneficiaries' interests.

The Cooper Defendants also contend that Mrs. Bell as Executor is merely a nominal party to this suit such that the Court may disregard her citizenship and realign the remaining parties according to their interests.[4] However, here, Mrs. Bell is no mere nominal party. She has an obligation to administer the estate and distribute the property in accordance with Dr. Bell's wishes, and she seeks a construction of the will so that she may do that.

Finally, the Cooper Defendants argue that the parties should be realigned because Georgia law prohibits Mrs. Bell as Executor from pursuing this action with Mrs. Bell as beneficiary as a defendant. There appears to be no support in Georgia law for realignment on this basis.[5] Furthermore, Mrs. Bell points to Georgia law which, while not squarely addressing the precise question at issue here, permits an

---

[4]In support of this argument, the Cooper Defendants cite cases where the courts disregarded the citizenship of executors in determining diversity of citizenship. *Bacon v. Rives*, 106 U.S. 99, 104 (1882), and *Keoseian v. von Kaulbach*, No. 88 CIV. 1544 (MBM), 1988 WL 79574 (S.D.N.Y. July 18, 1988). Those cases, unlike this case, had nothing to do with the construction of a will in accordance with a testator's wishes. Rather, they were disputes between parties that maintained entitlement to certain property in the estate's possession based on facts entirely unrelated to the testator's wishes. *See Bacon*, 106 U.S. at 104 (investors sought to obtain property from the estate of their agent's father to satisfy the agent's debts to them); *Keoseian*, 1988 WL 79574, at *1 (plaintiff sought declaratory judgment that beneficiary validly assigned to him a painting that was bequeathed to the beneficiary). The executors were only in the actions because they held title to the disputed property, so they were considered nominal parties.

[5]In support of their argument, the Cooper Defendants cite *Connell v. Murray*, 205 Ga. App. 702, 703, 423 S.E.2d 304, 304-05 (1992), in which the court found that a plaintiff could not bring a personal injury action against himself as temporary administrator of an estate. There was no realignment in that case; the case was dismissed as a nullity.

5

executor to bring a petition for construction of a will even if she is a legatee under the will and arguably requires that in such a proceeding the executor "must name as defendants . . . all persons named in the will as legatees." *E.g., Barker v. Wilkinson*, 222 Ga. 329, 330-31, 149 S.E.2d 698, 699-700 (1966). Thus, Georgia law appears to authorize Plaintiff's alignment of the parties.[6]

The Court finds that the parties to this action should not be realigned to establish diversity. Even if the Cooper Defendants' novel arguments create some doubt as to the proper alignment of the parties, those doubts must be construed in favor of remand to state court, particularly when those doubts are based upon the interpretation of state law.

CONCLUSION

For the reasons set forth above, the Court declines to realign the parties as the Cooper Defendants request. Because complete diversity of citizenship does not exist, this Court does not have subject matter jurisdiction. Accordingly, the Court grants the Motion to remand of Mrs. Bell as Executor (Doc. 12) and the Motion to Remand of Mrs. Bell as beneficiary (Doc. 15). This case is hereby remanded to the Superior Court of Baldwin County, Georgia.

---

[6]The Court knows of no reason why the Cooper Defendants cannot press in state court their contention that Georgia law does not permit an executor to file a declaratory judgment action that names herself as a defendant in her capacity as a beneficiary of the will. If the Georgia courts conclude that Georgia law does not authorize such an action, then the Cooper Defendants at that time could presumably attempt to remove the action to federal court.

IT IS SO ORDERED, this 14th day of July, 2008.

                                        S/Clay D. Land
                                         CLAY D. LAND
                                 UNITED STATES DISTRICT JUDGE